Katherine J. Odenbreit (SBN: 184619)
kodenbreit@mahoney-law.net
John A. Young (SBN: 299809)
jyoung@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 East Ocean Boulevard, Suite 814
Long Beach, CA 90802
Telephone No.: (562) 590-5550
Facsimile No.: (562) 590-8400

Attorneys for Plaintiff KRISTAN DELATORI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTAN DELATORI, fka KRISTAN ZALOKAR,<br><br>            Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES,<br><br>            Defendants. | Case No.:   2:19-cv-03468-AB-SS<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT ("FLSA"), 29 U.S.C. §201, et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, KRISTAN DELATORI, formerly known as KRISTAN ZALOKAR, (hereinafter referred to as "Plaintiff") and complains of Defendant as follows:

## PARTIES JURISDICTION AND VENUE

1. This action for relief and damages is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. ¶201, *et seq*. District Court jurisdiction exists as the claims asserted involve violations of federal law (i.e., Federal Question jurisdiction).

2. Plaintiff is an adult and performed work for Defendant within the geographical area encompassing the United States District Court for the Central District of California. At all times relevant herein, Plaintiff was an employee of this Defendant as defined by 29 U.S.C. §203(e)(1).

3. Defendant, City of Los Angeles ("City" or "Defendant") is an employer within the meaning of the FLSA. At all times relevant hereto, the Defendant employed Plaintiff.

4. As part of its obligations to the citizens of Los Angeles, the City operates the Los Angeles Police Department ("LAPD") and employed Plaintiff as a police officer.

5. Venue is proper in this Court because a substantial part of the alleged wrongful acts occurred within the geographical boundaries of the Central District of California.

## STATEMENT OF FACTS

6. Plaintiff hereby re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

7. Plaintiff is/was a member of the Los Angeles Police Protective League ("LAPPL") and subject to the terms of the collective bargaining

agreement ("CBA") between the City and the LAPPL. Plaintiff began her employment with the LAPD in or about 1996 as a Police Recruit in the Academy. Plaintiff was subsequently promoted in 1999 to Police Officer II and assigned to the Pacific Division. In or about 2006 Plaintiff was promoted to Police Officer III. In or about 2015 Plaintiff was promoted to Police Officer III +1 Senior Lead Officer and continues in that position to the present.

8. Throughout Plaintiff's employment with the City, Plaintiff was required to work hours constituting "overtime" as that term is defined by the FLSA. These hours were worked by Plaintiff with the knowledge and/or acquiescence of supervisors and the work was expected of Plaintiff. Not all of Plaintiff's compensable overtime hours have been properly compensated for by Defendant.

9. Throughout her employment, Plaintiff was required to work through meal breaks, commonly referred to within the Department as "Code 7" or "free time". Defendant would routinely cause Plaintiff to have the amount of time that was to be allowed for Code 7 purposes deducted from Plaintiff's wages/time worked despite the fact Plaintiff was denied and unable to actually take a break. Defendant failed to record time worked when Plaintiff was unable to take Code 7's even though such information was known and available to Defendant through the communications division where the daily activities of police officers are constantly monitored. Wages taken from Plaintiff was the result of an illegal deduction from Plaintiff's compensation resulting in a failure to pay all overtime wages due under 29 U.S.C. §207(a).

10. Plaintiff was also required throughout her employment to work before and after Plaintiff's scheduled watch preparing and putting on protective gear and equipment mandated by the LAPD as necessary for Plaintiff's job performance.

This protective gear is integral and indispensable to Plaintiff's work as a police officer and is required for the benefit of Defendant and the LAPD. This protective gear consisted of, but is not limited to: Sam Brown (gun belt), bulletproof vest, primary and back-up weapons, boots, flashlight, baton, and pepper spray. Time and care must be taken to properly put on protective gear and equipment to insure functionality and security. Plaintiff was not paid for time spent putting on and securing necessary protective gear and equipment.

11. Plaintiff was also required to perform additional pre-shift work without compensation, including but not limited to: cleaning gear, checking weapons, obtaining equipment, preparing field equipment, preparing patrol vehicle, performing vehicle safety inspection, preparing uniform and protective gear and maintaining equipment.

12. During Plaintiff's employment, Plaintiff was to receive 45 minutes of "free time" for a Code 7 each workday. Plaintiff estimates she was required to forego approximately 60% of Code 7 meal periods which would be interrupted by members of the public who would approach Plaintiff during break times but was not compensated for this time worked during scheduled "free time".

13. After completing her shift, Plaintiff was required to take off and secure protective gear, log and book evidence, and complete reports. Plaintiff was not compensated for this time. Plaintiff was also required to spend time after scheduled shifts maintaining protective gear, cleaning service weapons, securing the police vehicles and assisting detectives by answering questions about reports she made.

14. The overtime work performed by Plaintiff prior to and after scheduled shifts was viewed by Defendant as "non-compensable" work and therefore Plaintiff received no compensation for such work. Defendant knew or should

have known Plaintiff was performing overtime work without compensation because Defendant's policy of police officers taking Code 7's while on duty because Plaintiff is required to communicate actions and movements throughout watch which is recorded by Defendant. Defendant failed to accurately maintain records of Plaintiff's work performed during time for Code 7's. Additionally, Defendant required as a condition of employment Plaintiff maintain and wear certain equipment, wear her hair a certain way, and wear protective gear. Defendant knew that Plaintiff was required to put on and secure equipment and protective gear prior to beginning watch, but did not provide a facility or permit Plaintiff to record time spent on such necessary pre and post work activities.

15. Plaintiff's supervisors were fully aware that Plaintiff performed work prior to and after watch in addition to during Code 7's. Plaintiff's supervisors were aware of the overtime work being performed by Plaintiff without compensation because they would process all overtime reports but they never instructed Plaintiff to put in overtime slips. Plaintiff's supervisors also were present on occasions where Plaintiff performed work outside her watch without compensation. Plaintiff's supervisors also required the maintenance of department issued equipment and vehicles outside of her scheduled shifts. Plaintiff would also frequently receive calls from supervisors or detectives while at home and was required to complete all work assigned by supervisors. Supervisors were aware Plaintiff was not compensated for this time worked.

16. The LAPD is subject to the continuous day rule under the FLSA and ignores the fact by requiring Plaintiff to list the hours scheduled to work instead of hours actually worked Plaintiff was not paid for all time actually worked. Defendant has knowledge that Plaintiff performed work not recorded and failed to provide training to Plaintiff for what constitutes compensable time under the

5

FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT ("FLSA"), 29 U.S.C. §201, et seq.

FLSA or in the CBA. Despite actual knowledge that Plaintiff performed overtime work without compensation, Defendant failed to take any steps to record this time worked and/or compensate Plaintiff.

17. Defendant received the benefit of Plaintiff's work without the significant cost of paying Plaintiff for all overtime hours worked. This benefit to the employer, however, was only achieved by creating illegal policies and procedures that denied Plaintiff compensation for time worked during Code 7's and requiring Plaintiff to perform compensable duties before and after Plaintiff's scheduled shifts.

## EQUITABLE TOLLING

18. Plaintiff hereby re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

19. Plaintiff, whose name was Kristan Zalokar, previously filed an opt-in consent to join on February 15, 2007 in the now decertified collective action entitled *Roberto Alaniz v. City of Los Angeles, et al.* 04-cv-08592-AG (AJWx). After the Court's May 21, 2014 order decertifying the *Alaniz* collective action and its dismissal, the statute of limitations on Plaintiff's claims were tolled by Court order for a period of 60 days. Within that 60 days, on July 21, 2014, Plaintiff filed a Complaint for Violations of the Fair Labor Standards Act (FLSA) along with numerous other Plaintiffs in a sub-group of the formerly decertified class. This action was entitled *Guadalupe Alaniz v. City of Los Angeles, et al.* 14-cv-05658-PSG-MRW. On November 24, 2014 the Court in *Alaniz* granted Defendant's motion to strike and dismiss all plaintiffs except Plaintiff Alaniz for improper joinder among other reasons. Subsequently, the putative collective action members from the original decertified collective actions and the joined plaintiffs in the *Alaniz* and 27 other actions, including Plaintiff, appealed to the Ninth

Circuit during which time it was impossible to continue litigation of the claims. On April 30, 2018, the Ninth Circuit Court of Appeals affirmed the lower court's decertification order. At the time mandate was issued, Plaintiff is informed and believes her attorney Gregory Petersen was in the hospital in critical condition although Plaintiffs was unaware at that time. On May 22, 2018 the Ninth Circuit Court of Appeals issued an opinion finding the plaintiffs were not properly joined in the district court action and affirmed the lower court's dismissal. At the time the Ninth Circuit opinion was issued, Plaintiff's attorney of record in *Alaniz,* Gregory G. Petersen had passed away. Plaintiff was not notified of the Ninth Circuit's findings until early 2019 and therefore was unaware any action was necessary to preserve the statute of limitations due to no fault of lack of diligence of Plaintiff. Therefore, Plaintiff's statute of limitations on the FLSA claims have been tolled and/or should be equitably tolled from February 15, 2007 to the filing of this Complaint.

## FIRST CAUSE OF ACTION
## VIOLATION OF FAIR LABOR STANDARDS ACT

20. Plaintiff hereby re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

21. 29 U.S.C. §207(a)(1) requires employers to pay employees not less than one and one-half times the regular rate of pay for any hours worked in excess of 40 in a workweek.

22. Plaintiff alleges that throughout her employment and no less than each month, Plaintiff was required to work in excess of 40 hours in a workweek without all overtime compensation.

23. To the extent Plaintiff is subject to 29 U.S.C. §207(k), Plaintiff alleges throughout employment with Defendant, and no less than each month, Plaintiff

was required by Defendant to work in excess of the aggregate hours proscribed by Section 2(k) without overtime compensation for all overtime hours worked.

24. The Defendant has either knowingly, recklessly or intentionally failed and refused to compensate Plaintiff for all overtime hours worked.

25. As a direct and proximate cause of Defendant's failure to pay Plaintiff for all overtime hours worked as required by the FLSA, Plaintiff has been injured and it entitled to compensatory damages and liquidated damages according to proof at trial, for the three years preceding the date of filing of Plaintiff's opt-in consent in the prior *Alaniz* action under 29 U.S.C. §216(b), attorney's fees, costs and interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. All actual, compensatory, consequential, interest, losses and damages and liquidated damages according to proof;

2. Attorney's fees and costs pursuant to 29 U.S.C. ¶216(b);

3. Any and all relief, including equitable relief, as the Court may deem proper and just.

Dated: June 24, 2019                            **MAHONEY LAW GROUP, APC**

                                                By:   */s/Katherine J. Odenbreit*
                                                      Katherine J. Odenbreit, Esq.
                                                      John A. Young, Esq.
                                                      Attorneys for Plaintiff KRISTAN DELATORI

## DEMAND FOR JURY TRIAL

Plaintiff KRISTAN DELATORI hereby demands a jury trial on all issues so triable.

Dated: June 24, 2019                    **MAHONEY LAW GROUP, APC**

By:   */s/Katherine J. Odenbreit*
      Katherine J. Odenbreit, Esq.
      John A. Young, Esq.
      Attorneys for Plaintiff KRISTAN DELATORI

# CERTIFICATE OF SERVICE
*Delatori v. City of Los Angeles*
Case No.: 2:19-cv-03468-AB-SS

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 249 East Ocean Boulevard, Suite 814, Long Beach, California 90802.

On **June 24, 2019**, I served true copies of the following document described as: **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT ("FLSA"), 29 U.S.C. §201, et seq.,** to the entities below:

| | |
|---|---|
| Kelly P. Welch, Esq.<br>Deputy City Attorney<br>Employment Litigation Division<br>LA City Attorney's Office<br>200 N. Main Street, 7th. Floor<br>Los Angeles, Ca 90012 | Attorney for Defendants, CITY OF LOS ANGELES<br><br>Telephone: (213) 978-2214<br>Facsimile: (213) 978-8216<br>Email: Kelly.welch@lacity.org |

☒ **By electronic service:** Based on a court order, I caused the document(s) to be sent to the persons at the electronic service addresses listed above by transmission through the CM/ECF System.

☒ **(Federal):** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on **June 24, 2019,** at Long Beach, California.

*/s/Stephanie Box*
Stephanie Box