UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 19-03468 AB (SSx) | Date: | November 19, 2019 |

| | |
|---|---|
| Title: | *Kristan Delatori v. City of Los Angeles* |

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER **GRANTING** MOTION TO DISMISS

Before the Court is Defendant City of Los Angeles's ("City") Motion to Dismiss First Amended Complaint ("Motion," Dkt. No. 20). Plaintiff Kristan Delatori ("Plaintiff") filed an opposition, the City filed a reply, and the Court heard oral argument on November 8, 2019. The Motion is **GRANTED.**

I. **BACKGROUND**

Plaintiff's First Amended Complaint ("FAC," Dkt. No. 12) asserts a claim against the City for failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, arising from her employment as a police officer. FAC ¶¶ 3-4. Although the FAC asserts a single cause of action, it is premised on several distinct factual allegations: Plaintiff worked through meal breaks, referred to as "Code 7", FAC ¶¶ 9, 12; Plaintiff was not compensated for pre- and post-shift donning and doffing, FAC ¶ 10; and Plaintiff was not compensated for other pre- and post-shift work such as cleaning gear and preparing/maintaining equipment, FAC ¶¶ 11, 13.

The City now moves to dismiss the FAC on the ground that Plaintiff's claim is barred by the statute of limitations, and on the ground that the donning and doffing aspect of the claim is barred by res judicata and that donning and doffing are not compensable under the FLSA.

## II. LEGAL STANDARD

Fed. R. Civ. Proc. ("Rule") 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough factual detail to "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face," that is, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A complaint may be dismissed under Rule 12(b)(6) for the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

The court generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, a court may consider materials if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The court may also take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Lee*, 250 F.3d at 689-90.

## III. DISCUSSION

### A. Plaintiff's Claims Based on Alleged Violations that Occurred Before April 26, 2016 are Time-Barred and <u>DISMISSED WITH PREJUDICE</u>.

The statute of limitations for unpaid wages under the FLSA is two years, or three years for willful violations. *See* 29 U.S.C. § 255. The City appears to concede that the three year period applies in this case. *See* Mot. 14:17-18. Plaintiff filed this action on April 26, 2019. Therefore, on its face, the statute of limitations bars any claims predating April 26, 2016.

But Plaintiff argues that the statute of limitations should be tolled to February 15, 2007 – the date Plaintiff opted in to the now-decertified FLSA collective action *Roberto Alaniz v. City of Los Angeles, et al.,* 04-cv-08592-AG (AJWx) ("*Roberto Alaniz*") – such that her claims are timely as back far as three years prior, to February 15, 2004. The FAC and the Court documents in the City's Request for Judicial Notice ("RJN," Dkt. No. 21)[1] set forth the procedural history of the prior litigation as relevant to Plaintiff's arguments. These basic facts are undisputed.

On February 15, 2007 Plaintiff opted-in to the *Roberto Alaniz* collective action. The *Roberto Alaniz* action asserted claims for unpaid wages for donning and doffing and other off-the-clock work.

On July 1, 2010, while *Roberto Alaniz* was still certified as a collective action, Judge Feess granted partial summary judgment in the City's favor on the donning and doffing claim. On May 21, 2014, the Court decertified the remaining off-the-clock claims because they were too individualized. All of the opt-in plaintiffs including Plaintiff Delatori were dismissed without prejudice from *Roberto Alaniz*, and the Court expressly tolled the statute of limitations for 60 days from May 21, 2014 to allow the dismissed opt-in plaintiffs to file individual actions.

On July 21, 2014, about the last day of the 60 day stay, instead of filing individual actions, the former opt-in plaintiffs in *Roberto Alaniz* filed 28 multi-plaintiff spin-off lawsuits. Plaintiff Delatori joined one of them: *Guadalupe Alaniz v. City of Los Angeles, et al.* 14-cv-05658-PSG-MRW ("*Guadalupe Alaniz*"). On October 27, 2014 the Court in *Guadalupe Alaniz* dismissed all plaintiffs except the named plaintiff for improper joinder. FAC ¶ 19; RJN Ex. 9.

---

[1] The RJN (Dkt. No. 21) is hereby **GRANTED**. Defendant's Second RJN (Dkt. No. 30) is <u>**DENIED**</u> as untimely.

On December 24, 2015, the plaintiffs in *Roberto Alaniz* appealed the decertification order and the order dismissing the donning and doffing claim, but during briefing the appellants abandoned their appeal of the donning and doffing dismissal. On September 13, 2018, the Ninth Circuit affirmed the decertification order in *Roberto Alaniz*, and did not address dismissal of the donning and doffing claim because appellants abandoned that part of their appeal.

Between June 2015 and December 2015, the plaintiffs in 27 of the 28 spin-off cases, including *Guadalupe Alaniz*, appealed the misjoinder orders. Those appeals were consolidated, and the misjoinder dismissals were affirmed in April 2018.

Attorney Gregory J. Peterson filed the *Roberto Alaniz* action, the *Guadalupe Alaniz* action, and all the other spin-off actions, along with the appeals of all of them. Mr. Peterson passed away in June 2018. As stated, Plaintiff filed this case on April 26, 2019.

In the FAC, Plaintiff appears to rely on equitable tolling to toll the statute of limitations, whereas in the opposition Plaintiff invokes both equitable tolling and *American Pipe* tolling. The Court finds that neither applies so all claims predating April 26, 2016 are time-barred.

### 1. Equitable Tolling Does Not Apply

"Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time," and is available only "when there is no prejudice to the defendant." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999).[2] Equitable tolling is "unavailable in most cases" and the threshold necessary to trigger equitable tolling "is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

Plaintiff Delatori does not allege that the City engaged in any wrongful conduct that prevented her from re-filing her claim in a timely fashion. Rather, she points to the extended litigation in the *Roberto Alaniz* and *Guadalupe Alaniz* actions, followed by the passing of her counsel Mr. Peterson, as accounting for the timing of this action. On May 22, 2018 the Ninth Circuit affirmed the misjoinder order dismissing Plaintiff from

---

[2] Plaintiff relies on California's three-element equitable tolling standard cited in *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185 (9th Cir. 2009). But since this case arises under the federal FLSA, the federal standard as stated in *Stoll* applies.

*Guadalupe Alaniz*, and on October 5, 2018 it affirmed the decertification order in *Roberto Alaniz*. Plaintiff alleges that her counsel Mr. Peterson was in the hospital when the *Guadalupe Alaniz* mandate issued, *see* FAC ¶ 19, and he passed away in July 2018, before the *Roberto Alaniz* mandate issued. Plaintiff suggests that because of her attorney's passing, she did not learn of the Ninth Circuit orders until early 2019, and she filed this action on April 26, 2019.

Mr. Peterson's passing is certainly unfortunate, however it is not grounds for equitably tolling Plaintiff's claims because she could have re-filed her claims at various other times long before then in such a way as to preserve her rights. Instead, Plaintiff opted for litigation strategies that jeopardized her rights. Plaintiff's first opportunity to re-file her claims was after *Roberto Alaniz* was decertified. At that time, Judge Feess expressly tolled the statute of limitations for 60 days to allow opt-in plaintiffs like Ms. Delatori to file individual claims. Instead, on about the last day of the stay, Plaintiff joined the multi-plaintiff action *Guadalupe Alaniz*. Plaintiff's second opportunity to preserve her claims occurred when she was dismissed from *Guadalupe Alaniz*: at that time, Plaintiff could have moved the court to toll the statute to allow her to refile individually. Instead, Plaintiff appealed both the *Roberto Alaniz* decertification order and the *Guadalupe Alaniz* dismissal. There were no extraordinary circumstances beyond the Plaintiff's control (such as the passing of counsel) occurring at *that* time that made it impossible for her to file a timely claim; rather, she chose certain litigation strategies that ultimately rendered her claims untimely. Such "tactical mistakes in litigation" do not meet the "extraordinary circumstances" standard. *Quick Korner Market v. U.S. Dep't of Agriculture, Food and Nutrition Service*, 180 F.Supp.3d 683, 693 (S.D. Cal 2016). Because of these previous opportunities to timely preserve her claims, the Court does not find it necessary to further address whether Mr. Peterson's passing was an extraordinary circumstance within the meaning of the equitable tolling doctrine.

Furthermore, the Court is not persuaded that the delay here would not prejudice the City. Plaintiff seeks to litigate fifteen-year-old claims for unpaid wages based on employment practices that have likely varied over the years. In addition, City contends that witnesses are largely retired and may be difficult to locate, and some have passed away. And it is obvious that memories are likely to have faded after such a long time, which casts doubt on the reliability of testimony from those witnesses who can be located. Under these circumstances, the City would likely be prejudiced by having to defend against Plaintiff's claims.

### 2. *American Pipe* Tolling Does Not Apply

Plaintiff also invokes *American Pipe* tolling. In *American Pipe,* the Supreme Court held that "the commencement of a class action suspends the applicable statute of

limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 554 (1974). But by its terms, *American Pipe* applies only to class actions under Fed. R. Civ. P. 23. The *Roberto Alaniz* case was a collective action under the FLSA, and the *Guadalupe Alaniz* action was a multi-plaintiff action. Plaintiff has pointed to no case suggesting that *American Pipe* tolling can extend beyond class actions to FLSA collective actions or to multi-plaintiff cases, nor has she provided any reasoning to this effect. The Court therefore finds that *American Pipe* tolling does not apply.

### B. The Timely Donning and Doffing Claims (after April 26, 2016) are Insufficiently Pled and <u>DISMISSED WITH LEAVE TO AMEND</u>.

The City also moves to dismiss the timely donning and doffing claim as foreclosed by *Bamonte v. City of Mesa*, 598 F.3d 1217 (2010), which held, among other things, that such a claim fails unless the plaintiff can show that the employer required her to don and doff her uniform on the employer's premises. *See Bamonte*, 598 F.3d at 1233. Here, the FAC fails to allege any facts showing that the City required her to don and doff her uniform at the workplace. In fact, the FAC alleges that the City "did not provide a facility," *see* FAC ¶ 14, to don and doff at the workplace, which tends to undermine any inference that she was *required to don and doff at the workplace*. Accordingly, insofar as the donning and doffing claim is timely, it is insufficiently pled and is **<u>DISMISSED WITH LEAVE TO AMEND</u>** on that basis.

The City also moves to dismiss this claim as res judicata based on Judge Feess's 2010 order in *Roberto Alaniz* granting summary judgment for the City on the donning and doffing claim. The Court's tentative order explained that it is not clear that the facts in issue now are the same as those addressed by Judge Feess nine years ago, and invited the parties to address this question. The City argued that the City's donning and doffing policies are the same now as they were when Judge Feess ruled on them, so res judicata applies. Plaintiff acknowledged that overcoming Judge Feess's order would be an uphill battle but contended that whether the policy changed is an evidentiary issue. Notably, Plaintiff did not explain how the City's current policy is different from its previous policy but instead treated this question as one to explore in discovery. Based on this, it appears to the Court that Plaintiff did not conduct sufficient investigation into the City's policies to determine whether there is a good faith basis for maintaining a donning and doffing claim after Judge Feess's order. Given that this claim is going to be dismissed as insufficiently pled and given the murky record before the Court, the Court will not resolve the City's res judicata argument at this time. However, should Plaintiff consider repleading this claim, the Court expects that before doing do, Plaintiff will conduct a meaningful investigation into whether the City's policies have changed such that there is a good faith basis for believing this claim to be viable.

### C. Plaintiff's Code 7 Claim Is **<u>DISMISSED WITH LEAVE TO AMEND</u>**.

For the first time in its reply, the City argues that Plaintiff's Code 7 claim (for meal period violations) should be dismissed because Plaintiff previously admitted in a 2014 declaration filed in the *Roberto Alaniz* matter that she had no Code 7 claims after 2008, so any claims she had are necessarily untimely. *See* Reply 16:14-16 (referring to Delatori Decl. (Yoo Reply Decl. Ex. 4) ¶ 17, stating "The LAPD changed the Code 7 rule in October 2008. Now that the rule has changed, I am not deducted for Code 7s."). This statement does appear to foreclose Plaintiff's unpaid wages based on meal period violations. But arguments raised for the first time in reply (like the City's Code 7 argument) or material beyond the FAC (like Plaintiff's declaration) would not ordinarily be considered on a motion to dismiss. However, at oral argument, Plaintiff responded only that the City's policy *may* have changed since 2014 when Plaintiff signed this declaration, in effect admitting that the declaration would otherwise foreclose her Code 7 claims. This tacit concession that this claim would survive only if the City's policy has changed since the declaration shows that Plaintiff has not conducted a sufficient pre-suit investigation of this claim. On that basis, the Court **<u>DISMISSES</u>** Plaintiff's Code 7 claim, with leave to amend. As with the donning and doffing claim, the Court expects that if Plaintiff considers repleading this claim, she will conduct a meaningful investigation into whether the City's policies have changed since 2014 such that there is a good faith basis for believing the Code 7 claim to be viable.

### IV.   CONCLUSION

The City's Motion to Dismiss is **<u>GRANTED</u>** as to Plaintiff's claims based on alleged violations that occurred before April 26, 2016. The Motion is also **<u>GRANTED WITH LEAVE TO AMEND</u>** as to Plaintiff's timely donning and doffing claims, and her timely Code 7 claim. The City did not move to dismiss Plaintiff's claims based on other pre-shift and post-shift activities, so those claims remain pending.

If Plaintiff wishes to pursue the timely donning and doffing claims and the timely Code 7 claims, she must file a Second Amended Complaint **<u>within 21 days of the issuance of this Order</u>**, but must do so only after conducting a meaningful investigation into whether these claims are viable, as discussed above. Given the long history of these cases, the Court expects the City to cooperate in any such investigation. At oral argument, it appeared that this case could be amenable to settlement. Given the narrowed scope of Plaintiff's claims, the Court strongly urges the parties to pursue that option and avoid further costly litigation.

The Scheduling Conference is continued to Friday, January 10, 2020 at 10:00 a.m.

**IT IS SO ORDERED.**