KATHERINE J. ODENBREIT (SB# 184619)
kodenbreit@mahoney-law.net
JOHN A. YOUNG (SB# 299809)
jyoung@mahoney-law.net
MAHONEY LAW GROUP, APC
249 Ocean Boulevard, Suite 814
Long Beach, CA 90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Attorneys for Plaintiff KRISTAN DELATORI

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| KRISTAN DELATORI,<br><br>  Plaintiff,<br>v.<br><br>CITY OF LOS ANGELES,<br><br>  Defendants. | Case No. 2:19-cv-03468-AB-SS<br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)**<br><br>Date:      January 10, 2020<br>Time:     10:00 a.m.<br>Judge:    Hon. André Birotte Jr.<br>Courtroom: 7B |
|---|---|

**TO THE ABOVE-ENTITLED COURT:**

Plaintiff Kristan Delatori ("Plaintiff") and Defendant City of Los Angeles ("City" or "Defendant"), by and through their respective undersigned counsel, hereby jointly submit the following Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

## I.   FACTUAL BACKGROUND AND INTRODUCTION

On April 26, 2019, Plaintiff filed her Complaint in the United States District Court for the Central District of California asserting violation of the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiff alleges that throughout her employment with Defendant, Plaintiff was required by Defendant to work in excess of forty (40) hours in a week without overtime compensation for all overtime hours worked in violation of 29 U.S.C §207(k). On June 24, 2019, Plaintiff filed her First Amended Complaint. On July 30, 2019, Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint.

The City denies that Plaintiff, a police officer in its police department ("LAPD"), is entitled to any relief under any theory pled. Among other reasons, Plaintiff's claims are barred by the applicable statute of limitations and issue/claim preclusion.

On August 6, 2019, the Court issued its Order Setting Scheduling Conference setting the parties' Initial Scheduling Conference for December 6, 2019 at 10:00 a.m. On November 14, 2019, the parties conducted their initial meeting of counsel pursuant to Federal Rule of Civil Procedure 26(f). After the parties conducted their initial meeting, the Court continued the Scheduling Conference to January 10, 2020.

## II.   STATEMENT OF THE PARTIES' CLAIMS AND DEFENSES

### A.   Plaintiff's Statement re: Claims and Principal Issues in Case

Plaintiff brings this action for alleged unlawful employment practices engaged in by Defendant, including but not limited to, violations of the FLSA. Plaintiff seeks to

recover all unpaid wages Defendant failed to compensate Plaintiff for work performed for Defendant. Plaintiff alleges that throughout her employment with Defendant, Plaintiff was required to work through meal breaks without compensation, Plaintiff was obligated to perform work prior to clocking in, Plaintiff was obligated to perform work after clocking out, and Plaintiff was not compensated for donning and doffing her uniform.

Plaintiff contends that Plaintiff's statute of limitations for Plaintiff's FLSA claims have been tolled and/or should be equitably tolled from February 15, 2007 when Plaintiff initially filed an opt-in consent in the now decertified collective action entitled *Roberto Alaniz v. City of Los Angeles, et al.* 04-cv-8592 GAF (AJWx).

///

**B.     Defendant's Statement re: Defenses and Principal Issues in Case**

The City denies Plaintiff's allegations in the Complaint. Plaintiff seeks recovery of alleged unpaid minimum wages and/or overtime under the FLSA dating back to February 15, 2007. (FAC, ¶ 19.) However, a cause of action under the FLSA must be brought no later than three years after its accrual. (*See* 29 U.S.C. § 255.) As such, the FLSA's statute of limitations bars any purported claims by Plaintiff dating prior to April 26, 2016. On November 19, 2019, this Court dismissed with prejudice Plaintiff's claims based on alleged violations that occurred before April 26, 2016. (Doc. No. 32.)

The City also has a complete defense to Plaintiff's "donning and doffing" of the LAPD uniform claim on the basis of claim and issue preclusion. Plaintiff was an opt-in plaintiff in *Roberto Alaniz v. City of Los Angeles et al.*, Case No. 04-cv-08592-AG (AJWx) when the Hon. Gary Feess (Ret.) granted the City partial summary judgment on all the *Alaniz* plaintiffs' donning and doffing claims, the same allegation Plaintiff now seeks to regurgitate in this action. Plaintiff and her co-plaintiffs from *Alaniz* appealed Judge Feess' donning and doffing ruling to the 9th Circuit Court of

Appeals; however, the plaintiffs abandoned that issue on appeal. Claim and issue preclusion, therefore, bar Plaintiff from re-litigating this allegation in this action. On November 19, 2019, this Court dismissed Plaintiff's post-April 26, 2016 donning and doffing claims, as well as her Code 7 claims, with 21 days leave to amend provided that she "conduct a meaningful investigation into whether these claims are viable" prior to filing a Second Amended Complaint. (Doc. No. 32.)

## III. JURISDICTION, SERVICE, STATUS OF PLEADINGS AND PARTIES

Service has been completed. Plaintiff brings this action for relief and damages pursuant to the FLSA, 29 U.S.C. ¶201, *et seq*. District Court jurisdiction exists as the claims asserted involve violations of federal law (i.e., Federal Question jurisdiction). Plaintiff is an adult and performed and continues to perform work for Defendant within the geographical area encompassing the United States District Court for the Central District of California. At all times relevant herein, Plaintiff was an employee of this Defendant as defined by 29 U.S.C. §203(e)(1).

Defendant is an employer within the meaning of the FLSA. At all times relevant hereto, the Defendant employed Plaintiff.

Venue is proper in this Court because a substantial part of the alleged wrongful acts occurred within the geographical boundaries of the Central District of California.

## IV. ISSUES TO BE DETERMINED BY MOTION

a. **Plaintiff's Position**:

As soon as permitted under the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff intends to serve initial written discovery and notice the depositions of Defendant witnesses.

Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint on July 30, 2019. Plaintiff opposed this motion and the Court has taken Defendant's motion under submission as of November 8, 2019. Plaintiff's FLSA claims are based on Defendant's

failure to pay Plaintiff all overtime wages due at the proper and legal rate.

      b.    **Defendant's Position**:

Defendant filed a motion to dismiss pursuant to FRCP 12(b)(6) on July 30, 2019. Oral argument thereon was originally scheduled for hearing for August 30, 2019. However, counsel for Plaintiff became ill at the time of the hearing and could not participate in oral argument. As a result, the Court heard oral argument on November 8, 2019, and thereafter, took the City's FRCP 12(b)(6) motion under submission. The basis for the City's FRCP 12(b)(6) motion is that Plaintiff's purported claims dating prior to April 26, 2016, are barred by the statute of limitations, and Plaintiff's donning and doffing claims are barred by the doctrines of claim and issue preclusion. The City also anticipates filing a motion for summary judgment pursuant to FRCP 56 to any claims that may survive the City's FRCP 12(b)(6) motion.

The parties have not yet served written discovery requests or noticed depositions. The City does not anticipate discovery disputes at this time. However, should such disputes arise, the City also anticipates filing motions to compel after engaging in the meet and confer process.

## V.    OTHER PENDING ACTIONS AND THEIR INTERACTION

On July 19, 2019, Defendant filed a Notice of Related Cases: *Ciancanelli v. City of Los Angeles*, Case No. 2:19-cv-04042-DMG-SS; *Garza v. City of Los Angeles*, Case No. 2:19-cv-04043-CBM-FFM; *Alvarado v. City of Los Angeles*, Case No. 2:19-cv-05560-DMG-E; *Tavizon v. City of Los Angeles*, Case No. 2:19-cv-05561-MWF-JEM; and *Johnson v. City of Los Angeles*, Case No. 2:19-cv-02270-R-PLA.

After the filing of Defendant's Notice of Related Cases, the Hon. Consuelo B. Marshall dismissed with prejudice Plaintiff Garza's lawsuit against the City (Case No. 2:19-cv-040443-CBM-FFM) on October 8, 2019. Plaintiff Garza filed a Notice

of Appeal on November 6, 2019. The Hon. Dolly M. Gee subsequently dismissed with prejudice Plaintiff Ciancanelli's lawsuit against the City (2:19-cv-04042-DMG-SS) on November 20, 2019. Also on November 20, 2019, Judge Gee dismissed with prejudice all of Plaintiff Alvarado's claims dating prior to June 26, 2016 – three years before the filing of his action on June 26, 2019. Judge Gee granted Plaintiff Alvarado 21 days leave to amend his donning and doffing claim. (*Alvarado v. City of Los Angeles*, Case No. 2:19-cv-05560-DMG-E).

The individual plaintiffs in the aforementioned cases are all former opt-in Plaintiffs in *Alaniz v. City of Los Angeles*, Case No. CV 04-8592 GAF (AJWx), in which they alleged the same violations of the Fair Labor Standards Act for off-the-clock work. The off-the clock theories pursued by the plaintiffs in *Alaniz* included pre-shift donning of the LAPD uniform, other pre-shift tasks that Defendant did not dispute constitutes compensable work (e.g., preparing reports pre-shift), missed meal periods (aka "Code 7" time), post-shift doffing of the LAPD uniform, and other post-shift tasks that Defendant did not dispute constitutes compensable work (e.g., preparing reports post-shift). After obtaining partial summary judgment on the approximately 2,500 plaintiffs' "donning and doffing" claims, Defendant successfully decertified *Alaniz* as a collective action because each plaintiff's claims were too individualized to proceed as a collective action, e.g., because plaintiffs worked in different stations, worked in different assignments, had different shift schedules and had different supervisors. *See generally Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018.)

a. **Plaintiff's Position**:

The Parties previously met and conferred regarding coordinating the matters listed above, however no coordination was agreed upon. Defendant proceeded to file a motions to dismiss in each of the aforementioned matters. It is Plaintiff's position these cases are not related given Defendant's successful opposition to an action that previously

joined these matters and many other plaintiffs in a single action.

    **b.**    **Defendant's Position**:

Pursuant to Local Rule 83-1.3, and out of an abundance of caution, the City filed a Notice of Related Cases in each of the six aforementioned actions. Defendant agrees that the claims of each plaintiff are too individualized for collective litigation, however, the City is not opposed to one judge presiding over each of the six separate cases. *See generally Campbell v. City of Los Angeles*, *supra,* 903 F.3d 1090.

## VI.   RULE 26(f) ITEMS

### A.   Rule 26(f)(3)(A)

This section calls for addressing any changes to the timing of initial disclosures under Rule 26(a) and a statement of when they will be made. Because 14 days after the Parties' Rule 26(f) conference is Thanksgiving Day, November 28, 2019, the Parties agree Initial Disclosures will be made no later than December 2, 2019 in order to account for and accommodate the holiday.

### B.   Rule 26(f)(3)(B)

#### 1.   Proposed Dates and Deadlines

The Parties' proposed schedule is attached hereto as Exhibit 1 pursuant to the Court's Schedule of Pretrial and Trial Dates Worksheet.

#### 1.   Discovery Subjects

Plaintiff - The anticipated subjects for discovery include, but are not limited to, Plaintiff's pay and time records, common employee policies and practices, and Defendant witness testimony. Plaintiff will serve initial discovery consisting of Interrogatories, Requests for Production of Documents, and Request for Admissions seeking this and additional related information. Plaintiff will also notice the deposition of Defendant's Person(s) Most Knowledgeable.

Defendant – The City will propound discovery as permitted by Federal Rule of Civil Procedure 26(b). The bulk of Defendant's discovery will focus on

Plaintiff's broad allegations regarding whether she was properly compensated under the FLSA. Defendant anticipates propounding written discovery in the form of interrogatories, document requests, and requests for admission. Defendant intends to depose Plaintiff in connection with her claims and its defenses, and Defendant may need to depose witnesses identified by Plaintiff as having alleged actual or constructive knowledge of their off-the-clock work despite the City's policies requiring the truthful and accurate recording of all overtime worked. *See, e.g. Forrester v. Roth's I.G.A Foodliner, Inc.,* 646 F.2d 413, 414 (9th Cir. 1981) [Where employer had no knowledge that employee was engaging in overtime work, there was no indication that employer should have had such knowledge and employee failed to notify employer or deliberately prevented employer from acquiring knowledge of overtime work, employer's failure to pay for overtime hours was not violation of the FLSA].

### C. **Rule 26(f)(3)(C) Electronically Stored Information (ESI)**

The parties discussed electronic discovery and electronically-stored information ("ESI"). The parties are in agreement that where ESI is possessed by a party, is reasonably accessible, and responsive to a request, it will be produced unless protected by the attorney-client privilege and/or under the work-product doctrine, subject to appropriate limitations as to scope. Production of ESI will be made in compliance with Federal Rule of Civil Procedure 34(b)(2)(E). If native files and metadata are at issue for a particular document, the parties will confer and determine steps to take, potentially seeking guidance from the Court. At present, no issues regarding disclosure or discovery of electronically stored information are anticipated.

### D. **Rule 26(f)(3)(D): Issues regarding Claims of Privilege**

The parties agree that neither needs to log any post-litigation privileged communications between its counsel in this matter and the party (and for Defendant,

its employees), or log any attorney work-product created by counsel of record in connection with and after the inception of this litigation. The parties do not anticipate any issues regarding privilege or protection of trial-preparation materials. The parties will meet and confer should any such issues arise. The parties shall be permitted to serve privilege and/or redaction logs within a reasonable period of time not to exceed thirty days after production of documents and/or service of objections to requests for production, unless specifically agreed to by the parties, and such service of a privilege log after service of objections shall not be grounds for any claim that a party has waived any applicable privilege or protection.  The parties further agree that the privilege log need not provide detail for attorney notes, internal communications among counsel, or communications between counsel and client regarding litigation.

### E. Rule 26(f)(3)(E): Changes to Limitations on Discovery

The parties believe that no changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure at this time.

### F. Rule 26(f)(3)(F): Additional Discovery Orders

The parties do not believe that there are any other orders that the court should issue under Federal Rules of Civil Procedure Rule 26(c) or under Rules 16(b) and (c) at this time. However, if needed, the parties plan to execute a stipulation and proposed protective order to protect confidential materials produced during discovery.

## VII. LOCAL RULE 26.1 ITEMS

### A. Local Rule 26.1(a): Conference Required – Address "Complex"

The Local Rules ask the parties to address the complexity of the case, and whether all or part of the procedures of the Manual for Complex Litigation (current edition) should be utilized.  The parties agree that this case is not complex.

///

    **B.**    **Local Rule 26.1(b): Motion Schedule**

This addresses the dispositive or partially dispositive motions which are likely to be made, and a cutoff date by which all such motions shall be made. The parties have addressed these items in the the Court's Schedule of Pretrial and Trial Dates Worksheet, attached hereto as Exhibit 1.

    **C.**    **Local Rule 26.1(c): ADR**

This Rule requires selection by the parties of one of the three ADR Procedures specified in L.R. 16-15.4 as best suited to the circumstances of the case, and when the ADR session should occur.

The parties select ADR PROCEDURE NO. 2 - The parties shall participate in mediation. Defendant will agree to participate in mediation before one of the mediators from the Court's panel.

The parties' proposed deadline for completing this mediation is July 24, 2020.

    **D.**    **Local Rule 26.1(d): Trial Estimate**

Plaintiff has requested that her claims be tried to a jury. The parties anticipate the jury trial would not exceed 5-7 days.

    **E.**    **Local Rule 26.1(e): Additional Parties**

The parties do not anticipate adding additional parties at this time.

    **F.**    **Local Rule 26.1(f):  Expert Witnesses**

This calls for the proposed timing of expert disclosures under F.R.Civ.P. 26(a)(2), which has also been addressed in the Court's Schedule of Pretrial and Trial Dates Worksheet, attached hereto as Exhibit 1.

**VIII.**  **POSITIONS OF COUNSEL RE: CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

Neither party consents to proceed before a Magistrate Judge.

**IX.**  **OTHER ISSUES AFFECTING MANAGEMENT OF THE CASE**

There are no other issues affecting the schedule or management of this case that

the parties wish to discuss with the Court at their conference.

DATED: November 22, 2019          MAHONEY LAW GROUP, APC


BY: */s/Katherine J. Odenbreit*
Katherine J. Odenbreit, Esq.
John A. Young, Esq.
Attorneys for Plaintiff Kristan Delatori

　　　The above attests that the signatory listed below concurs in the content of this document and has authorized its filing.

DATED: November 22, 2019          LIEBERT CASSIDY WHITMORE


*/s/Danny Y. Yoo*
Danny Y. Yoo
Attorneys for Defendant
CITY OF LOS ANGELES

**EXHIBIT 1**

**JUDGE ANDRÉ BIROTTE JR.**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
**The Court ORDERS the parties to make every effort to agree on dates.**

| Case No. 2:19-cv-03468-AB-SS | Case Name: Delatori v. City of Los Angeles | | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Check one: [X] Jury Trial  or  [ ] Court Trial (*Tuesday* at 8:30 a.m., within 18 months after Complaint filed) Estimated Duration: 5 Days | | 10/20/2020 | 10/20/2020 | [ ] Jury Trial [ ] Court Trial _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine (*Friday* at 11:00 a.m., at least 17 days before trial) | | 10/02/2020 | 10/02/2020 | |
| **Event [1]** *Note:* Hearings shall be on Fridays at 10:00 a.m. Other dates can be any day of the week. | **Weeks Before FPTC** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Last Date to *Hear* Motion to Amend Pleadings /Add Parties *[Friday]* | | | | |
| Non-Expert Discovery Cut-Off **(no later than deadline for *filing* dispositive motion)** | 17 | 06/05/2020 | 06/05/2020 | |
| Expert Disclosure (Initial) | | | | |
| Expert Disclosure (Rebuttal) | | | | |
| Expert Discovery Cut-Off | 12[2] | 07/10/2020 | 07/10/2020 | |
| Last Date to *Hear* Motions  *[Friday]* <ul><li>Rule 56 Motion due at least 5 weeks before hearing</li><li>Opposition due 2 weeks after Motion is filed</li><li>Reply due 1 week after Opposition is filed</li></ul> | 12 | 07/10/2020 | 07/10/2020 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: [ ] 1. Magistrate Judge *(with Court approval)* [X] 2. Court's Mediation Panel [ ] 3. Private Mediation | 10 | 07/24/2020 | 07/24/2020 | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)** <ul><li>Motions In Limine</li><li>Memoranda of Contentions of Fact and Law [L.R. 16-4]</li><li>Witness Lists [L.R. 16-5]</li><li>Joint Exhibit List [L.R. 16-6.1]</li><li>Joint Status Report Regarding Settlement</li><li>Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*</li><li>Declarations containing Direct Testimony, if ordered *(court trial only)*</li></ul> | 3 | 09/11/2020 | 09/11/2020 | |
| **Trial Filings (second round)** <ul><li>Oppositions to Motions In Limine</li><li>Joint Proposed Final Pretrial Conference Order [L.R. 16-7]</li><li>Joint/Agreed Proposed Jury Instructions *(jury trial only)*</li><li>Disputed Proposed Jury Instructions *(jury trial only)*</li><li>Joint Proposed Verdict Forms *(jury trial only)*</li><li>Joint Proposed Statement of the Case *(jury trial only)*</li><li>Proposed Additional Voir Dire Questions, if any *(jury trial only)*</li><li>Evidentiary Objections to Decls. of Direct Testimony *(court trial only)*</li></ul> | 2 | 09/18/2020 | 09/18/2020 | |

[1]  **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order.** *Class actions and patent and ERISA cases in particular may need to vary from the above.*

[2]  **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**

9078475.1 LO160-084